J-S46025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NORMAN WILLIAMS, JR. | |
| Appellant | No. 452 MDA 2014 |

Appeal from the PCRA Order February 4, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001173-2004

BEFORE:  BOWES, OLSON, JJ. and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 07, 2017**

Appellant, Norman Williams, Jr., appeals from the order entered on February 4, 2014, dismissing his petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9141-9546.  Upon consideration, we affirm.

The factual background and procedural history of this case are as follows.  On February 16, 2004, Appellant was charged with second-degree murder[1] and criminal conspiracy.[2]  On January 6, 2005, Appellant filed pretrial motions to suppress statements made to an investigator and to

_____

[1]  18 Pa.C.S.A. § 2502(b).

[2]  18 Pa.C.S.A. § 903.

_____

* Former Justice specially assigned to the Superior Court.

sever his case from his co-defendant's trial. The trial court denied both motions. On January 10, 2005, following a jury trial, Appellant was found guilty of both charges. On February 28, 2005, the trial court sentenced Appellant to a term of life imprisonment without the possibility of parole on the second-degree murder conviction and a concurrent term of 12 to 24 years' incarceration for conspiracy. This Court affirmed Appellant's judgment of sentence, and our Supreme Court denied his petition for allowance of appeal. *See Commonwealth v. Williams*, 898 A.2d 1136 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 907 A.2d 1102 (Pa. 2006).

Appellant filed a *pro se* PCRA petition on January 10, 2007. The PCRA court appointed counsel, who filed an amended PCRA petition on April 3, 2007. Appointed counsel filed a motion to withdraw on July 23, 2007.[3] The PCRA court granted counsel's motion and issued notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. On August 24, 2007, the PCRA court dismissed Appellant's petition and Appellant filed a notice of appeal on September 27, 2007. On July 17, 2009, this Court remanded the matter to determine whether Appellant had filed a timely notice of appeal from the denial of PCRA relief. *See Commonwealth*

_____

[3] Counsel did not file a "no-merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

***v. Williams***, 981 A.2d 939 (Pa. Super. 2009) (unpublished memorandum). On September 2, 2009, the PCRA court concluded that Appellant had filed a timely appeal from the dismissal of his PCRA petition. Nevertheless, on November 9, 2009, this Court vacated the July 26, 2007 order and remanded the matter, determining that counsel failed to satisfy the technical prerequisites of ***Turner/Finley***, and thus the PCRA court erred by granting counsel's request to withdraw. ***See Commonwealth v. Williams***, 988 A.2d 732 (Pa. Super. 2009) (unpublished memorandum).

Upon remand, Appellant filed a *pro se* motion for leave to amend his original PCRA petition. On December 9, 2010, the PCRA court appointed new counsel and granted Appellant leave to amend his PCRA petition. Appellant filed a counseled, supplemental PCRA petition on July 7, 2011. On August 2, 2011, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. However, during the ensuing year, the PCRA court did not act. Appellant filed a *pro se* PCRA petition on August 27, 2012, and *pro se praecipe* for entry of judgment on November 29, 2013. On February 4, 2014, the PCRA court entered two separate orders dismissing Appellant's counseled PCRA petition and his *pro se* petition.[4]

---

[4] The PCRA court deemed Appellant's *pro se praecipe* for entry of judgment moot.

Appellant filed a timely notice of appeal. *See Commonwealth v. Williams*, 2015 WL 6666284, at *2 (Pa. Super. 2015). On September 4, 2015, this Court remanded the matter and directed the PCRA court to appoint new counsel with instructions to review Appellant's petition and either file an advocate's brief or an application to withdraw and a "no-merit" letter. *Id.* On September 9, 2015, the trial court appointed new counsel, who subsequently filed a motion to withdraw for medical reasons, which the PCRA court granted on March 30, 2016. The PCRA court again appointed new counsel, who filed a brief with this Court on behalf of Appellant.

On appeal, Appellant presents the following issue, with multiple sub-parts, as follows:

1. Whether trial counsel was ineffective in his representation [of Appellant] for the following reasons:

   [a.] Whether [t]rial [c]ounsel was ineffective for failing to call a toxicologist regarding the effects of PCP and marijuana in regards to making a voluntary statement to police?

   [b.] Whether [t]rial [c]ounsel was ineffective for failing to request a mistrial when jury members saw [] Appellant in handcuffs and shackles?

   [c.] Whether [t]rial [c]ounsel was ineffective for failing to have jury members removed from the panel and/or ask for a mistrial when jury members were found to be sleeping during trial?

   [d.] Whether [t]rial [c]ounsel was ineffective for advising [] Appellant to testify according to his given statement which was given when [] Appellant was under the influence of drugs?

- 4 -

[e.]  Whether [t]rial [c]ounsel was ineffective for failing to object when the [t]rial [c]ourt instructed the jury that [] Appellant and his co[-defendant] did in fact "intend to kill?"

Appellant's Brief at 8.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determinations are supported by the record and are free of legal error."  *Commonwealth v. Mitchell*, 105 A.3d 1257, 1265 (Pa. 2014) (internal quotation marks and citations omitted).  Each of the issues raised by Appellant involves a claim of ineffective assistance of trial counsel.

> A PCRA petitioner will be granted relief on this ground only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place."

*Commonwealth v. Smith*, 17 A.3d 873, 883 (Pa. 2011), *quoting* 42 Pa.C.S.A. § 9543(a)(2)(ii).

Generally, "counsel is presumed to be effective."  *Commonwealth v. Patterson*, 143 A.3d 394, 398 (Pa. Super. 2016) (citation omitted).  To succeed on a claim of ineffective assistance of counsel, a petitioner must prove, "(1) the legal claim underlying the ineffectiveness claim has merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner."  *Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015) (citation omitted).  "The failure to satisfy any one of the three

prongs will cause the entire claim to fail." ***Commonwealth v. Faurelus***, 147 A.3d 905, 911 (Pa. Super. 2016) (citation omitted).

In issue 1(a), Appellant argues trial counsel was ineffective for failing to call a toxicologist to testify regarding the effects of drugs in Appellant's system when he gave a statement to police. Appellant's Brief at 14. Specifically, Appellant contends that if "a toxicologist had been called to testify on his behalf, [the testimony] would have refuted the finding by the suppression court that [Appellant's] statement was given while sober," and was therefore voluntary. ***Id.*** at 15. "[T]o establish ineffectiveness for failing to call an expert witness, an appellant must establish that the witness existed and was available; counsel was aware of, or had a duty to know of the witness; the witness was willing and able to appear; and the proposed testimony was necessary in order to avoid prejudice to the appellant." ***Commonwealth v. Weiss***, 81 A.3d 767, 804 (Pa.2013) (citation omitted).

In this case, Appellant failed to show that an expert witness was willing and able to appear at trial. He offers no proof of the testimony an expert would have given. Additionally, his first court-appointed PCRA counsel contacted a toxicologist and then subsequently withdrew as counsel when, after reviewing the recorded interview with police, the toxicologist found Appellant was not so impaired at the time of his interrogation that he

did not knowingly waive his rights.[5]  As such, Appellant's argument that trial counsel was ineffective for failing to call an expert witness lacks arguable merit.

In Appellant's issue 1(b), he alleges trial counsel was ineffective for failing to request a mistrial after Appellant was seen by the jury in shackles and handcuffs.  Appellant argues that the jury was brought back into the courtroom after a lunch break and briefly observed Appellant in shackles and handcuffs before being escorted out.  Appellant's Brief at 17.  Appellant's trial counsel brought this issue to the attention of the court, however counsel did not request a mistrial.  Appellant argues that "[b]ecause [t]rial [c]ounsel failed to request a mistrial and failed to request cautionary instructions, [] Appellant suffered prejudice and counsel was ineffective." *Id.* at 20.

It is well-settled that "[a] brief accidental sighting of a defendant in custodial trappings, without more, is not so inherently prejudicial as to significantly impair the presumption of innocence to which the defendant is entitled." **Commonwealth v. Neary**, 512 A.2d 1226, 1230 (Pa. Super.

_____

[5]  In his June 16, 2007 letter, toxicologist Lawrence Guzzardi, M.D., states, "[h]aving reviewed the above materials, which contain [Appellant's] statements regarding his drug abuse in times proximate to his confession…and the CD recording of his statements, I do not believe that I can render an opinion that [Appellant] was so impaired by his drug use that he was unaware of his [c]onstitutional and **Miranda** rights or so impaired that his statements were not 'knowing and voluntary.'" Trial Court Opinion, 9/30/2005, at 3.

1986); *see also Commonwealth v. Valerio*, 712 A.2d 301, 302 (Pa. Super. 1998) (finding that a mere accidental observation of a defendant in handcuffs outside a courtroom by a juror does not, without more, require the granting of a mistrial). Further, it is unclear whether any members of the jury actually saw Appellant handcuffed and Appellant has offered no evidence as to how he suffered prejudice. Moreover, the jury was specifically instructed regarding the constitutionally mandated presumption of innocence to which Appellant is entitled. N.T., 7/29/2005, at 797. Juries are presumed to follow the court's instructions. *Commonwealth v. Mason*, 130 A.3d 601, 673 (Pa. 2015) (citation omitted). Thus, we find Appellant's claim lacks merit.

In Appellant's third sub-issue, he argues trial counsel was ineffective for failing to seek the dismissal of a juror who was allegedly sleeping during trial. More specifically, another juror alerted the trial court that a member of the jury was possibly sleeping while Appellant's co-defendant testified. Appellant's Brief at 20. However, when questioned, the juror claimed she was closing her eyes to concentrate on the testimony. *Id.* This Court decided a similar issue in *Commonwealth v. Lawson*, 762 A.2d 753 (Pa. Super. 2000). In *Lawson*, we stated "[e]ven if a juror slept through portions of the trial…appellant did not demonstrate that, but for the sleeping juror, the outcome of the trial would have been different." *Id.* at 757. Likewise, in this case, the Commonwealth presented ample evidence to

convict Appellant. Further, it was never established that the juror was actually sleeping. However, even if the juror were sleeping, Appellant failed to show that, but for the sleeping juror, the outcome of the trial would have been different. Thus, Appellant has not demonstrated that he suffered actual prejudice, and therefore, his claim fails.

In his issue 1(d), Appellant contends trial counsel was ineffective for advising Appellant to testify according to his statement given to police, which Appellant alleges was given while he was under the influence of drugs. Appellant's Brief at 22. Specifically, Appellant argues that "[b]y advising [] Appellant to testify in this manner, [] Appellant was [giving] legitimacy to that statement that was given while under the influence of marijuana and PCP." *Id.* However, Appellant's three-sentence argument is underdeveloped and devoid of any citations to legal authority. As such, we find Appellant's claim waived. *See* Pa.R.A.P. 2119; *see also Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (finding claim waived where appellant's argument is underdeveloped and fails to develop argument supported by legal authority). Moreover, even assuming *arguendo* that Appellant did not waive this claim, it is otherwise meritless. We find no evidence in the record, and Appellant cites none, to suggest that his decision to testify was made involuntarily. Nor do we find that trial counsel's recommendation that Appellant testify on his own behalf was without a reasonable basis. Finally, having already determined that there

was no merit to Appellant's claim that he was under the influence of drugs when he gave statements to police, it would have been reasonable for trial counsel to recommend that Appellant testify at trial consistent with those statements.

In Appellant's final claim for ineffective assistance of counsel, he argues that trial counsel failed to object to instructions given to the jury. Specifically, the trial court gave the following jury instruction:

> So if either of these two defendants in this case you find beyond a reasonable doubt entered the apartment, and at the time they entered the apartment, intended to assault—not necessarily kill—but, of course they intended to kill, that would be also there for your consideration.

N.T., 7/29/2005, at 817. Appellant argues that because the trial court explicitly stated that he and his co-defendant intended to kill in its instructions, "the jury had no choice other than to convict [Appellant]." Appellant's Brief at 23-24.

It is well settled that in reviewing a challenge to a jury instruction, the charge, as whole, must be considered. *Commonwealth v. Lesko*, 15 A.3d 345, 397 (Pa. 2011). Furthermore, the trial court has broad discretion in phrasing the instructions, so long as the directions given "clearly, adequately, and accurately" reflect the law. *Id.* When viewing the instruction as a whole, we are convinced that Appellant was not prejudiced. The trial judge thoroughly instructed the jury on the intent requirements of each crime. Furthermore, in his closing remarks to the jury, the trial judge

stated "[i]t will be your responsibility to consider the evidence, find the facts, and apply the law to the facts as you find them, to decide whether the [d]efendant or [d]efendants have been proven guilty beyond a reasonable doubt." N.T., 7/29/2005, at 833. Again, as previously stated, we presume the jury followed the trial court's instructions. *Mason*, 130 A.3d at 673. The jury also submitted questions to the court, which indicates that they clearly understood they had a "choice" of whether or not to find Appellant guilty. Thus, Appellant's claim of counsel ineffectiveness lacks arguable merit.

Therefore, based on our standard of review and the rationale explained above, Appellant has failed to establish that his trial counsel was ineffective. Thus, we conclude that the PCRA court's determination is supported by the record and is free of legal error.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/7/2017